# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

JOANNA TAFF,                              )
                                          )
                                          )
                    Plaintiff,            )
                                          )
v.                                        )          No.  04-CV-898-SAJ
                                          )
JO ANNE B. BARNHART,                      )
Commissioner of Social Security           )
Administration,                           )
                                          )
                    Defendant.            )

## OPINION AND ORDER[1]

Pursuant to 42 U.S.C. § 405(g), Plaintiff appeals the decision of the Commissioner denying Social Security benefits.[2]  Plaintiff asserts that the Commissioner erred because (1) the ALJ failed to properly weigh the treating physician's opinion; (2) the ALJ failed to properly assess Plaintiff's residual functional capacity ("RFC"); (3) the ALJ erred in finding that Plaintiff could perform her past relevant work ("PRW") or any other work; (4) the ALJ improperly evaluated Plaintiff's credibility.  For the reasons discussed below, the Court **reverses and remands** the action for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL HISTORY

In her application for disability benefits, Plaintiff noted that she was unable to work due to fibromyalgia, chronic fatigue, chronic pain, short term memory loss, irritable bowel

---

[1]   This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties' Consent to Proceed Before United States Magistrate Judge.

[2]   Administrative Law Judge Richard J. Kallsnick (hereafter "ALJ") concluded that Plaintiff was not disabled by decision dated November 24, 2003. [R. at 14 - 24].  Plaintiff appealed the decision by the ALJ to the Appeals Council.  The Appeals Council declined Plaintiff's request for review.  [R. at 5].

syndrome, and sleep disruption.  [R. at 62].  In her request for reconsideration, Plaintiff wrote that she was unable to sit, stand, or walk for any length of time due to chronic pain. [R. at 49].  Plaintiff indicated that she was unable to use her hands and that use of her hands caused pain.  Plaintiff also suffered from neck and back spasms.  [R. at 49].

In her disability report dated June 19, 2002, Plaintiff noted that she has difficulty concentrating and with short term memory.  [R. at 107].  Plaintiff wrote that she suffers from fatigue and pain during any activity and usually does things slowly and with breaks.  [R. at 107].  Plaintiff noted that she does some limited light house work.  [R. at 110].

On April 22, 2002, Plaintiff's fibromyalgia was described as "still problematic."  [R. at 150].  On May 20, 2002, Plaintiff's fibromyalgia was reported as stable with Elavil and Clonazepam.  [R. at 149].

A letter by Chris S. Yoon, M.D., dated March 8, 2002, discussed Plaintiff's condition. An examination for fibromyalgia tender points revealed Plaintiff was positive for 18 of 18 points.  [R. at 153].  Plaintiff was referred for treatment of fibromyalgia syndrome on an outpatient basis and prescribed Elavil.  [R. at 153].

A Medical Source Statement – Physical was completed by Bradley G. Davis, D.O., on August 6, 2002.  [R. at 156].  The doctor noted that lifting and carrying was affected by Plaintiff's impairment, but that it had not yet been determined how much Plaintiff could lift or carry.  Plaintiff's ability to stand or walk with normal breaks was noted as less than two hours in an eight hour workday.  Plaintiff's ability to sit with normal breaks was noted as six hours in an eight hour workday.  [R. at 155].

Plaintiff was examined by Michael G. Musacco, Ph.D., on September 3, 2002 for a social security evaluation.  [R. at 157].  Plaintiff was diagnosed with depressive disorder

due to fibromyalgia.  [R. at 160].  A Psychiatric Review Technique ("PRT") form completed September 27, 2002 noted Plaintiff's impairment as not severe.  [R. at 186].  Plaintiff had mild restrictions of daily living and mild difficulties in maintaining concentration, persistence, and pace.  [R. at 196].

A Residual Physical Functional Capacity Assessment was completed by a social security doctor on October 14, 2002.  [R. at 185].  Plaintiff was noted as being able to occasionally lift 20 pounds; frequently lift 10 pounds; stand or walk for six hours in an eight hour day and sit for six hours in an eight hour day.  The doctor who completed the form noted that Plaintiff alleges limitations due to fibromyalgia but states that she prepares meals, does basic cleaning and some vacuuming.  [R. at 179].  The doctor acknowledged that Dr. Davis indicated Plaintiff could stand or walk for less than two hours per day but provided no further physical findings to support the limitation.  [R. at 179].

Plaintiff testified before the ALJ on October 30, 2003.  [R. at 310].  Plaintiff testified that she saw Dr. Davis only a few times, and saw Dr. Fox for a while but that Dr. Fox went into emergency medicine, and Plaintiff was then sent to Dr. Yoon.  [R. at 315].

Plaintiff was born May 25, 1950, and was 53 years old at the time of the hearing before the ALJ.  [R. at 317].  Plaintiff completed eleventh grade and obtained her GED.  [R. at 317-18].

Plaintiff currently has a doctor that treats her for her fibromyalgia.  [R. at 325]. According to Plaintiff, on some days she feels completely normal and on other days she is in extreme pain.  Anytime she does any work around the house, Plaintiff has immediate back pain and spasms and has pain the day after her exertion which requires her to rest. [R. at 325].  Plaintiff's neck has knots in it.  [R. at 325].  Plaintiff can vacuum only one small

room before experiencing back spasms.  [R. at 326].  Plaintiff wears wrist splints.  [R. at 326].  Plaintiff noted that she had to have her hair cut short because she was unable to hold the blow dryer long enough to dry her hair when it was longer.  [R. at 329].

Plaintiff testified that she does not feel well when she wakes up because of all of the medications that she takes.  [R. at 331].  Plaintiff takes painkillers when she wakes up because she always wakes up in pain.  [R. at 331].  Plaintiff rests throughout the day.  [R. at 331].  Plaintiff has several bad days each week during which she is unable to do much.  [R. at 332].

## II. SOCIAL SECURITY LAW AND STANDARD OF REVIEW

The Commissioner has established a five-step process for the evaluation of social security claims.  *See* 20 C.F.R. § 404.1520.  Disability under the Social Security Act is defined as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . .

42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social Security Act only if his

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy. . . .

42 U.S.C. § 423(d)(2)(A).[3/]

---

[3/]   Step One requires the claimant to establish that he is not engaged in substantial gainful activity (as defined at 20 C.F.R. §§ 404.1510 and 404.1572).  Step Two requires that the claimant demonstrate that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  *See* 20 C.F.R. § 1521.  If claimant is engaged in substantial gainful activity (Step One) or if claimant's impairment is not medically severe (Step Two), disability benefits are denied.  At Step Three, claimant's impairment is compared with those impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings").  If a claimant's impairment is equal or medically equivalent to an impairment in the Listings, claimant is presumed

The Commissioner's disability determinations are reviewed to determine (1) if the correct legal principles have been followed, and (2) if the decision is supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988); *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

The Court, in determining whether the decision of the Commissioner is supported by substantial evidence, does not examine the issues *de novo*.  *Sisco v. United States Dept. of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993).  The Court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  *Qualls v. Apfel*, 206 F.3d 1368 (10th Cir. 2000); *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).  The Court will, however, meticulously examine the entire record to determine if the Commissioner's determination is rational.  *Williams*, 844 F.2d at 750; *Holloway v. Heckler*, 607 F. Supp. 71, 72 (D. Kan. 1985).

"The finding of the Secretary[4/] as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Substantial evidence is that amount and type of evidence that a reasonable mind will accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Williams*, 844 F.2d at 750.  In terms of traditional burdens of proof, substantial evidence is more than a scintilla, but less than a

---

disabled.  If a Listing is not met, the evaluation proceeds to Step Four, where the claimant must establish that his impairment or the combination of impairments prevents him from performing his past relevant work.  A claimant is not disabled if the claimant can perform his past work.  If a claimant is unable to perform his previous work, the Commissioner has the burden of proof (Step Five) to establish that the claimant, in light of his age, education, and work history, has the residual functional capacity ("RFC") to perform an alternative work activity in the national economy.  If a claimant has the RFC to perform an alternate work activity, disability benefits are denied.  *See* <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

[4/]   Effective March 31, 1995, the functions of the Secretary of Health and Human Services ("Secretary") in social security cases were transferred to the Commissioner of Social Security.  P.L. No. 103-296.  For the purpose of this Order, references in case law to "the Secretary" are interchangeable with "the Commissioner."

preponderance.  *Perales*, 402 U.S. at 401.  Evidence is not substantial if it is overwhelmed by other evidence in the record.  *Williams*, 844 F.2d at 750.

This Court must also determine whether the Commissioner applied the correct legal standards.  *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994).  The Commissioner's decision will be reversed when he uses the wrong legal standard or fails to clearly demonstrate reliance on the correct legal standards.  *Glass*, 43 F.3d at 1395.

## III.  ADMINISTRATIVE LAW JUDGE'S DECISION

The ALJ found that Plaintiff was capable of performing a full range of light work.  [R. at 21].  The ALJ noted that Plaintiff would experience pain but that Plaintiff would remain attentive and able to carry out her work assignments.[5/]  [R. at 21].

## IV.  REVIEW

The ALJ identifies Dr. Davis as Plaintiff's treating physician.  *See* [R. at 20] ("The claimant testified that Dr. Davis examined her only a few times.  Nevertheless, he is considered a treating source.").  After identifying Dr. Davis as a treating source, and recognizing that Dr. Davis imposed a stand/walk restriction upon Plaintiff of less than two hours in an eight hour day, the ALJ concluded that the State agency medical consultants opinions that Plaintiff could stand/walk for six hours in an eight hour day conflicted with the opinion of the treating physician.  [R. at 20].  Noting the conflict, the ALJ indicated that the conflict must be resolved.

---

[5/]    The ALJ recognizes that Plaintiff suffers from pain but imposes no limitations upon Plaintiff due to her pain. If an ALJ finds that a claimant can perform a full range of any level of activity, the ALJ can apply the Grids and is not require to consult a vocational expert.

The "treating physician rule" requires that the Commissioner give more weight to a treating source than to that of a non-treating source.  *Langley v. Barnhart*, 373 F.3d 1116 (10th Cir. 2004); 20 C.F.R. § 404.1527(d)(2).  "In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for 'controlling weight.'"  *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).  The ALJ, in making this determination, first should consider "whether the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques.  If the answer to this question is 'no,' then the inquiry at this stage is complete.  If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record.  [I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight."  *Langley*, 2004 WL 1465774; *Hamlin v. Barnhart*, 365 F.3d 1208 (10th Cir. 2004) ("The ALJ is required to give controlling weight to the opinion of a treating physician as long as the opinion is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record."); *Watkins v. Barnhart*, 350 F.3d 1297 (10th Cir. 2003) ("The analysis is sequential.  An ALJ must first consider whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques.").

In *Robinson v. Barnhart*, 366 F.3d 1078 (10th Cir. 2004), the Tenth Circuit Court of Appeals discussed the analysis the ALJ should make in evaluating a treating physician's opinion.

> An ALJ must first consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques."  SSR 96-2p, 1996 WL 374188, at *2. If the answer to this question is "no," then the inquiry at this stage is complete.  If the ALJ finds that the opinion is well-

> supported, he must then confirm that the opinion is consistent
> with other substantial evidence in the record.  In other words,
> if the opinion is deficient in either of these respects, then it is
> not entitled to controlling weight.

*Robinson* 366 F.3d at 1078.

The ALJ first indicated that the opinion of Dr. Davis did conflict with other substantial

evidence in the record and therefore the opinion was not entitled to controlling weight.  The

ALJ based this conclusion on the State agency medical consultant opinions that Plaintiff

could stand/walk six hours in an eight hour day.  The ALJ therefore concluded that Dr.

Davis' opinion was not controlling.  However, assuming this finding as supported by the

record, this finding does not end the inquiry.  If the ALJ concludes that the treating

physician's opinion is not entitled to controlling weight, the ALJ must then evaluate whether

the treating source medical opinions are entitled to deference and the ALJ must weigh the

treating opinion using all of the factors provided in § 404.1527.  *See Langley*, 2004 WL

1465774; *Hamlin*, 365 F.3d at 1215 (ALJ must consider specific factors in determining what

weight to give medical opinion).  The factors which the ALJ should evaluate include:

> (1) the length of the treatment relationship and the frequency
> of examination; (2) the nature and extent of the treatment
> relationship, including the treatment provided and the kind of
> examination or testing performed; (3) the degree to which the
> physician's opinion is supported by relevant evidence; (4)
> consistency between the opinion and the record as a whole; (5)
> whether or not the physician is a specialist in the area upon
> which an opinion is rendered; and (6) other factors brought to
> the ALJ's attention which tend to support or contradict the
> opinion.

*Id.* at 290; 20 C.F.R. § 404.1527(d)(2)-(6).  *See also Watkins*, 350 F.3d at 1300 (resolving

"controlling weight" issue is not end of review; ALJ must evaluate treating physician opinion

factors).   In addition, "[w]hen a treating physician's opinion is inconsistent with other

medical evidence, the ALJ's task is to examine the other physicians' reports to see if they

outweigh the treating physician's report, not the other way around."  *Hamlin*, 365 F.3d at

2115 (*citations omitted).*

The ALJ references the contradiction between Dr. Davis and the State agency

doctors.  However, the ALJ does not proceed to evaluate the opinion of Dr. Davis based

on any of the factors discussed above.  Instead, the ALJ distinguished Dr. Davis' opinion

for two reasons.

> In resolving the conflict between Dr. Davis and the State
> agency medical consultants, the Administrative Law Judge
> evaluated the remaining evidence in the record.  Although the
> claimant has been diagnosed as having fibromyalgia, she
> reported during the course of an examination that she is mostly
> bothered in her head and neck area.  It is reasonable to infer
> that someone's head and neck does not ordinarily restrict their
> capacity to stand or walk.  The claimant has reported that she
> is able to stand for about one hour at a time.  Hence, it is
> reasonable to infer that she could stand for longer periods of
> time over an 8-hour workday.  As the claimant's own estimate
> tends to be more consistent with the State agency assessment
> for an 8-hour workday, the opinion of Dr. Davis has less value
> and should not be afforded controlling weight.

[R. at 20].

First, the ALJ distinguishes Dr. Davis' opinion because Plaintiff's pain is primarily

from her neck and head and this type of pain would not interfere with the ability to walk.

Even if the Court were to assume that Plaintiff's pain is limited in the manner described by

the ALJ,[6/] the ALJ's "inference" that head and neck pain do not restrict an individual's

---

[6/]   This is disputed by Plaintiff who asserts that she has back pain, arm and wrist pain, and constant pain
whenever she exerts effort.

capacity to stand or walk is a medical opinion that has no basis in the record.  The ALJ makes no reference to any doctor's opinion or any medical record.  The ALJ simply makes the "inference."  The inference is not supported by substantial evidence.

The ALJ's second reason to distinguish Dr. Davis' opinion is that Plaintiff stated she could stand for about one hour and that estimate is closer to the State agency assessment (of six hours in an eight hour workday) than Dr. Davis' estimate of less than two hours (in an eight hour work day).  Once again, this inference is not supported by the record and, by itself, is not substantial evidence.  The Court cannot assume that a claimant's notation in a form that she could stand for one hour supports a finding that a claimant could stand for up to six hours in an eight hour day.

The only two reasons given by the ALJ for distinguishing the opinion of Dr. Davis are unsupported by the record.  Defendant asserts, in Defendant's brief, that the ALJ erred in concluding that Dr. Davis was a treating physician, and that the ALJ was therefore not required to address Dr. Davis' opinion as a treating physician.  Even if the Court could discount the ALJ's specific finding that Dr. Davis is a treating physician, the ALJ's decision would still lack the appropriate findings as to the weight that should be given to Dr. Davis' opinion.  *See* 20 C.F.R. § 404.1527.

The ALJ determined that Plaintiff could perform a full-range of light work.  In the descriptions given the vocational expert as to the hypothetical individual's capabilities, the ALJ indicated that the individual could stand or walk up to six hours in an eight hour day. The conclusions by the ALJ at Step Four and Step Five are not supported by substantial evidence and the decision of the ALJ must be reversed.  On remand, the ALJ should specify the nature of the relationship of the doctor(s) (treating or not) and the weight

accorded the doctor's opinions in accordance with the regulations.   *See* 20 C.F.R. § 404.1527.


Dated this 3rd day of February 2006.


Sam A. Joyner
United States Magistrate Judge